UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SONIE TWO BEARS WITKO,<br><br>              Plaintiff,<br><br>   vs.<br><br>UNITED STATES OF AMERICA;<br>DEPARTMENT OF INTERIOR;<br>DEPARTMENT OF JUSTICE;<br>BUREAU OF LAND MANAGEMENT;<br>and BUREAU OF INDIAN AFFAIRS,<br><br>              Defendants. | CIV. 16-5123-JLV<br><br><br>ORDER |

Plaintiff Sonie Two Bears Witko, appearing *pro se*, filed a complaint, together with attachments totaling 84 pages, against defendants alleging a violation of his constitutional rights. (Docket 1). Accompanying the complaint were seven supplements totaling 385 pages. (Dockets 2-8 and 12). Mr. Two Bears Witko moves for leave to proceed *in forma pauperis*. (Docket 10). For the reasons discussed below, the motion to proceed *in forma pauperis* is granted and the complaint against the United States of America and the named departments within the government is dismissed without prejudice.

A federal court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed *in forma pauperis* under § 1915 is committed to the court's discretion. Cross v. Gen. Motors Corp., 721 F.2d

1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000).

Accompanying Mr. Two Bears Witko's motion to proceed *in forma pauperis* is an application to proceed without payment of fees. (Docket 10-1). The application is signed but contains no financial information. Id. Because of the court's analysis of Mr. Two Bears Witko's complaint, the court will presume he is without sufficient funds to pay the cost of this lawsuit. The court finds that Mr. Two Bears Witko is indigent and grants his motion to proceed *in forma pauperis*.

Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915. That statute provides:

> Notwithstanding any filing fee, . . . the court shall dismiss the case at any time if the court determines that--
> . . .
> (B) the action or appeal—
>
>> (i)     is frivolous or malicious;
>>
>> (ii)    fails to state a claim on which relief may be granted; or
>>
>> (iii)   seeks   monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Subsection (e)(2) allows the court *sua sponte* to review a complaint filed with an *in forma pauperis* application to determine if the action is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant or defendants who are immune from such relief.

Thus, the court is required to screen a *pro se* complaint as soon as practicable and to dismiss those claims which are frivolous or fail to state a claim for relief. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact . . . . [the] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Because Mr. Two Bears Witko is proceeding *pro se,* his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Mr. Two Bears Witko's complaint is incomprehensible. (Docket 1). The complaint is on a civil complaint form provided by the Clerk of Courts. Mr. Two Bears Witko chose to write in red and black ink on the printed lines, as well as in the top, bottom and side margins of each page in short phrases such as "Equal Access to Justice 43 CFR 4.21," "No ex post facto law to escape payment," "Jay treaty 1790 Mcchangeor Parrie Du Chian 1825 Mismanagement," "Violation U.S. Constitution unlawful seisure gold oil land minerals air water," "See attachment Violations of Bill of Rights," "promoting Racism allows room for Rape!!!," "probate of Chief by the United States Supreme Court-Constitutional violations discrepancies," "under Section 8-Regulate commerce-starvation," "Violations - Bill of Rights," "Charges Genocide-Mismanagement-theft 1790. 1825," "Rape. Murder Violations to the 1821.1851," "Violation 1868-great plains, the Black Hills forever," "Our Mineral, Water Rights," "Draft w/Canada (Lakota, Dakota,

Nakota)." Id. at p. 1. The remaining two pages of the statement of claims portion of the complaint have similar incomprehensible declarations. Id. at pp. 2-3. As a prayer for relief, Mr. Two Bears Witko asks the court to "Bring Historical Bloodline Chief of War Crazy Horse-And the Right under the Constitution," with several more incomprehensible references to treaties and Native American bloodlines. Id. at p. 4. The 88 pages attached to the complaint similarly have disjointed, incomprehensible declarations, demands and allegations of misconduct by the United States, its departments and agencies, as well as copies of previous proceedings involving Mr. Two Bears Witko and his birth and family records. See Docket 1-1 through 1-9.

The court finds plaintiff's complaint is frivolous and fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

Accordingly, it is

ORDERED that Mr. Two Bears Witko's motion for leave to proceed *in forma pauperis* (Docket 10) is granted.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) Mr. Two Bears Witko's complaint (Docket 1) is dismissed without prejudice for failing to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Mr. Two Bears Witko's motion for appointment of counsel (Docket 16) is denied as moot.

Dated June 5, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE